### No. 60

### STACEY v. FIDELITY & CASUALTY CO.

### No. 19431. Supreme Court

On motion to certify. Dock. Nov. 20, 1925; 3 Abs 738

**1105. STATUTES**—Is a provision in the policy requiring the insured to notify the insurance company of suits pending against the insured, abrogated in favor of a party subrogated to the rights of the insured by Sections 9510-3 and 9510-4 GC?

Charles L. Stacey recovered a judgment of $500 in the Huron Common Pleas in a suit for personal injuries instituted by Stacey against J. F. Troyan, Jr. Troyan was insured by the Fidelity & Casualty Co. of New York against personal injuries occasioned by his automobile out of which that suit arose.

The judgment was not paid and Stacey, after more than 30 days from date of the judgment in pursuance of 9510-3 and 9510-4 GC., commenced this suit in the Huron Common Pleas against the Casualty Co. The Company, in its answer asserted that it was not required to pay the judgment because Troyan did not notify it of the suit and that they were not furnished with a copy of the summons as required by the policy. Stacey filed a demurrer to this answer which the Common Pleas overruled and entered judgment in favor of the Casualty Company. Error being prosecuted in the Court of Appeals, which affirmed the judgment of the court below.

In his motion to certify, Stacey maintains that under 9510-3 and 9510-4 GC., supra, the liability of the Casualty Company became ab-

solute when he received the injuries, the amount remaining to be fixed by law, which, having been fixed, the Company is bound to pay.

Stacey contends that the statutory enactments determine the rights and requirements in such cases and that the Company cannot abrogate the statutory provisions by provisions in its policy. It is submitted to the court that failure of the insured to give notice as required in the insurance policy cannot deprive Stacey of his rights under the statutes.

Attorneys—Young & Young, Norwalk, for Stacey; Howell, Roberts and Duncan, Cleveland, for Fidelity & Cas. Co.